IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KENNETH L. HENDERSON #341-120
    Petitioner                         :

    v.                                    :        CIVIL ACTION NO. CCB-11-1353

MARYLAND PAROLE COMMISSION,  :
    Respondent

## MEMORANDUM

On May 17, 2011, the Clerk received an action entitled "Petition for Writ of Habeas Corpus" filed by Kenneth Lee Henderson. The action appears to be a hybrid habeas corpus and civil rights action, and has been docketed as a habeas action filed pursuant to 28 U.S.C. § 2241. Henderson, who is self-represented, alleges that (1) the Maryland Division of Correction has unlawfully detained him "on his expired DOC number of 341-120" and (2) from December of 2005 through June of 2008, his social security checks were improperly cashed by the Prisoner's Aid Society. ECF No. 1. Although he has failed to pay the filing fee or submit an indigency affidavit, Henderson will be afforded leave to file in forma pauperis for the purpose of initial review of this action.

Henderson is no stranger to the Maryland courts. In his most recent conviction, Henderson pleaded guilty in the Circuit Court for Baltimore City on May 10, 2011, for failing to register as a sex offender.[1] That he was transported to a Maryland Division of Correction prison and classified under his previous identification number[2] is of no constitutional moment. Should Henderson seek to attack any parole revocation that may flow from the May 10, 2011, conviction, he may do so by filing an action after complete exhaustion of state court remedies,

---

[1] S*ee* Maryland Judiciary Case Search, http://casesearch.courts.state.md.us/inquiryDetail.jis?caseID.

[2] This number identified Henderson in previous litigation filed in this court. It does not appear to be incorrect.

using court-approved forms available from the Clerk for filing a habeas action under 28 U.S.C. § 2241. His request for habeas corpus relief here is premature and subject to dismissal without prejudice.

Improper cashing of checks does not merit review as a civil rights action under 42 U.S.C. § 1983. Henderson should contact the appropriate law enforcement authorities to pursue charges against those allegedly responsible for such theft and may seek recovery through the appropriate state court process. He may not, however, proceed with this claim in this forum.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). Thus, a certificate of appealability shall be denied in the instant case.

A separate order shall be entered in accordance with this memorandum.

Date: May 24, 2011  _____/s/_____
Catherine C. Blake
United States District Judge